UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| COY WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:17-CV-172-TAV-DCP ) |
| TONY PARKER and SGT. CASHMORE, | ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's pro se amended complaint for violation of his civil rights pursuant to 42 U.S.C. § 1983 [Doc. 11]. Plaintiff's amended complaint must also be screened to determine whether it states a claim entitling Plaintiff to relief, is frivolous or malicious, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. For the reasons discussed below, this action will proceed only as to Plaintiff's excessive force claim against Defendant Cashmore.

## **I.     BACKGROUND**

Plaintiff, currently confined at the Morgan County Correctional Complex ("MCCX"), filed a pro se complaint under 42 U.S.C. § 1983 on April 28, 2017 [Doc. 5]. On October 25, 2017, the Court entered a Memorandum Opinion and Order screening the complaint to determine whether, *inter alia*, the pleading failed to state a claim which would entitle Plaintiff to relief under § 1983 [Doc. 6]. The Court found that the complaint, as pled, failed to state a claim, but allowed Plaintiff thirty days to file a "proper § 1983 form

complaint, specifying a full description of his claim, the personal involvement of each Defendant, and the grounds for relief" [*Id.* at 4]. On December 8, 2017, after Plaintiff had failed to amend his complaint or otherwise respond to the Court's previous Order, the Court dismissed Plaintiff's civil rights action for a failure to state a claim for relief under 28 U.S.C. § 1915(e)(2), and for Plaintiff's failure to prosecute and to comply with the orders of the Court under Federal Rule of Civil Procedure 41(b) [Doc. 8]. However, on December 13, 2017, the Court received Plaintiff's amended complaint, which was inadvertently opened as a new case, *Williams v. Parker et al.*, No. 3:17-mc-36. Plaintiff signed the amended complaint on December 7, 2017 [*Williams v. Parker et al.*, No. 3:17-mc-36, Doc. 1].

Plaintiff then filed a motion for reconsideration in the present case on January 3, 2018, requesting relief under Federal Rule of Civil Procedure 60 [Doc. 9 p. 1]. Ultimately, on April 17, 2018, the Court granted Plaintiff's motion for reconsideration, and directed the Clerk's Office to reopen Plaintiff's case and refile Plaintiff's amended complaint in the present case [Doc. 10 p. 4].

In his amended complaint, Plaintiff largely repeats the allegations contained in his original complaint [Doc. 11]. Plaintiff brings suit against Tony Parker, the Tennessee Department of Correction ("TDOC") Commissioner; as well as against Sgt. Cashmore, a correctional officer at MCCX [*Id.* at 3]. Plaintiff claims that he "was the victim of an assault by a correctional officer [Defendant Cashmore] at [MCCX]" [*Id.*]. Additionally, Plaintiff attaches several grievances which he alleges "describe the claim(s)" [*Id.*]. In the

2

attached grievances, Plaintiff claims that after he attempted to reject a cell assignment, Defendant Cashmore "went berserk [and] grabbed me and slung me (6) or (7) feet and got on top of my stomach—which is filled with liquid [due to liver failure]—and forced his thumb into my eye socket" [Doc. 11 p. 9]. Additionally, Plaintiff alleges that Defendant Cashmore "then slung me into a clinic cell and proceeded to punch me in the face several times" [*Id.*]. However, the response to Plaintiff's grievance states that "Sgt. Cashmore at no time use[d] excessive force on Inmate Williams. The use of force was documented [and] reviewed by the Administration" [*Id.* at 10].

## II. ANALYSIS

### A. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999) ("Congress directed the federal courts to review or 'screen' certain complaints *sua sponte* and to dismiss those that failed to state a claim upon which relief could be granted [or] . . . sought monetary relief from a defendant immune from such relief."). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)."

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). However, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers,* 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that they were deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). In other words, Plaintiff must plead facts sufficient to show: (1) the deprivation of a right, privilege, or immunity secured to her by the United States Constitution or other federal law; and (2) that the individual responsible for such deprivation was acting under color of state law. *Gregory v. Shelby Cty.*, 220 F.3d 433, 441 (6th Cir. 2000).

### B. Lack of Personal Involvement

Plaintiff has failed to allege the personal involvement of Defendant Parker in the violation of his civil rights. A defendant's personal involvement in the deprivation of

constitutional rights is required to establish their liability under § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). Generous construction of pro se complaints is not limitless; indeed, a court need not assume or conjure up claims that a pro se litigant has not pleaded. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Plaintiff must affirmatively show that each defendant he seeks to hold liable, through that defendant's own actions, has violated his constitutional rights. *Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014).

Further, Defendant Parker cannot be held liable due to his supervisory position as TDOC Commissioner. Under § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Accordingly, "a plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676. A plaintiff must show "that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it." *Bellamy*, 729 F.2d at 421 (citation omitted); *see also Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) (explaining that "[s]upervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Additionally, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative

5

grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Therefore, Plaintiff's allegations against Defendant Parker fail to state a claim for relief under § 1983, and Defendant Parker will be **DISMISSED**.

C. **Excessive Force Claims**

Plaintiff claims that he was assaulted by Defendant Cashmore, a correctional officer at MCCX [Doc. 11 p. 3]. Under the Eighth Amendment, which applies to convicted prisoners, an officer's conduct will be found to be cruel and unusual punishment "when the [ ] 'offending conduct reflects an unnecessary and wanton infliction of pain.'" *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). An Eighth Amendment excessive force claim has both a subjective and objective component. *Griffin v. Hardrick,* 604 F.3d 949, 953–54 (6th Cir. 2010).

Where an inmate challenges the use of force by prison guards, for the objective component to be met, the Court considers whether the pain inflicted was "sufficiently serious." *Williams,* 631 F.3d at 383 (citing *Wilson v. Seiter,* 501 U.S. 294, 298 (1991)). "While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred." *Cordell v. McKinney*, 759 F.3d 573, 580–81 (6th Cir. 2014) (citing *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010)).

For the subjective component to be met, "the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Wilson*, 501 U.S. at 320–21 (internal quotation marks omitted); *see also Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010). Considerations relevant to this inquiry include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Williams*, 631 F.3d at 383 (quoting *Whitley v. Albers,* 475 U.S. 312, 321 (1986)).

A federal court is permitted to consider any prison grievances and responses that are attached to and incorporated in a pro se prisoner complaint in determining whether or not the case is subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failing to state a claim upon which relief can be granted. *See, e.g.*, *White v. Caruso*, 39 F. App'x 75, 78 (6th Cir. 2002); *Powell v. Messary*, 11 F. App'x 389, 390 (6th Cir. 2001). In the attached grievances, Plaintiff claims that on August 18, 2016, Defendant Cashmore "went berserk [and] grabbed me and slung me (6) or (7) feet and got on top of my stomach—which is filled with liquid [due to liver failure]—and forced his thumb into my eye socket" [Doc. 11 p. 9]. Therefore, at this stage, the Court finds that Plaintiff's factual allegations, accepted as true, are sufficient to satisfy an excessive force claim against Defendant Cashmore.

7

### III. CONCLUSION

Based on the above, Plaintiff's claims against Defendant Parker fail to state a claim for relief under § 1983, and Defendant Parker will be **DISMISSED** as a defendant to the current action. Accordingly, this action will proceed only as to Plaintiff's Eighth Amendment excessive force claim against Defendant Cashmore.

The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Cashmore. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within **twenty (20) days** of receipt of this Memorandum Opinion and Order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Plaintiff is forewarned that failure to timely return the completed service packets could jeopardize his prosecution of this action.

Defendant Cashmore **SHALL** answer or otherwise respond to the complaint within **twenty-one (21) days** from the date of service. If any Defendant fails to timely respond to the complaint, judgment by default may be entered against him.

Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address

to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**IT IS SO ORDERED.**

                          s/ Thomas A. Varlan
                          CHIEF UNITED STATES DISTRICT JUDGE